Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171
Christopher M. Hunter, Esq., Nevada SBN 8127
McCarthy & Holthus, LLP
9510 W. Sahara, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
KHintz@mccarthyholthus.com

Attorney for Defendant, Quality Loan Service Corporation.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY BENKO, etc., et al, | CASE NO. 2:12-cv-00224-RCJ-GWF |
| Plaintiffs, | |
| v. | **QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS** |
| QAULITY LOAN SERVICE CORPORATION, etc., et al, | |
| Defendants. | |

Defendant, Quality Loan Service Corporation ("Quality"), by and through its counsel of record, Christopher M. Hunter, Esq., of McCarthy & Holthus, LLP, hereby moves the Court to dismiss Plaintiffs' putative class action First Amended Complaint ("Complaint") against Quality *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all pleadings and documents herein, as well as any argument that may be presented at the hearing of this, or any other motions/matters; the Court is requested to take judicial notice as appropriate.

DATED:  February 20, 2012

                  McCarthy & Holthus, LLP

              By:  */s/Christopher M. Hunter*
                  Christopher M. Hunter, Esq.

## INTRODUCTION

Plaintiffs are mortgage loan debtors who defaulted on their loan obligations. Defendant trustees, including Quality, as agents of the loan beneficiaries or trustees of the deeds of trust filed foreclosures against Plaintiffs. More specifically, Quality filed foreclosures against Plaintiffs Jeffrey Benko ("Benko"), Camilo and Ana Martinez ("Martinez"), Frank and Jacqueline Scinta ("Scinta") and Susan Hjorth ("Hjorth").

Plaintiffs assert in the Complaint that the act of filing a nonjudicial foreclosure constitutes debt collection activity under NRS Chapter 649 for which the trustees must be but are not licensed. The failure to be licensed is alleged to constitute a deceptive trade practice under NRS 598.023(1). As a result, Plaintiffs assert damage claims in their first cause of action for consumer fraud under NRS 41.600. The act of not being licensed, in turn, is alleged to constitute a trespass in the third cause of action. Plaintiffs also assert a claim for unjust enrichment in the second cause of action. The Complaint also contains a fourth cause of action for quiet title and a fifth cause of action for elder abuse but these claims are not asserted against Quality.

## FACT AS SHOWN IN THE PUBLIC RECORD

Benko is the owner of real property in Clark County, Nevada known as 8121 Pursuit Ct., Las Vegas, Nevada ("Benko Property"). The Benko Property was financed through the execution of a note and deed of trust promising to repay the sum of $263,200 in monthly installments to Mountain View Mortgage Company. The deed of trust was recorded on August 24, 2005 in the official records of Clark County as document number 20050824-0000546. A copy of the deed of trust is attached as Exhibit 1.

Quality commenced a foreclosure on the Benko Property by recording a notice of default and election to sell ("Benko NOD") on May 13, 2009 as document number 20090513-0004311. A copy of the Benko NOD is attached hereto as Exhibit 2. The Benko Property has

not yet been sold in the foreclosure and Benko is still in possession of the Benko Property.

Benko filed a chapter 7 bankruptcy petition on July 2, 2009, U.S. Bankruptcy Court, District of Nevada, Case #09-21788.  The docket, attached as exhibit 3, shows that Benko received a chapter 7 discharge on October 8, 2009 (Doc. #17).  The docket further shows that the bankruptcy case was closed by final decree on March 22, 2011 (Doc. #39).

Martinez is the former owner of real property in Clark County, Nevada known as 3305 Green Ice Ave., North Las Vegas, Nevada ("Martinez Property").  The Martinez Property was financed through the execution of a note and deed of trust promising to repay the sum of $280.180 in monthly installments to CTX Mortgage Company LLC.  The deed of trust was recorded on March 22, 2006 in the official records of Clark County as document number 20060322-0001637.  A copy of the deed of trust is attached as Exhibit 4.

Quality commenced a foreclosure on the Martinez Property by recording a notice of default and election to sell ("Martinez NOD") on September 12, 2008 as document number 20080912-0004174.  A copy of the Martinez NOD is attached hereto as Exhibit 5.  The Martinez Property was sold at auction on April 29, 2011.  However, Martinez is believed to still be in possession of the Martinez Property.

Martinez filed a chapter 13 bankruptcy petition, later converted to chapter 7, on January 5, 2009, U.S. Bankruptcy Court, District of Nevada, Case #09-10036.  The docket, attached as exhibit 6, shows that Martinez received a chapter 7 discharge on May 2, 2011 (Doc. #106).  The docket further shows that the bankruptcy case was closed by final decree on May 5, 2011 (Doc. #108).

Scinta is the owner of real property in Clark County, Nevada known as 9660 Brooks Lake Ave., Las Vegas, Nevada ("Scinta Property").  The Scinta Property was financed through the execution of a note and deed of trust promising to repay the sum of $152,500 in monthly installments to Meridias Capital.  The deed of trust was recorded on October 17, 2003 in the official records of Clark County as document number 20031017-02233.  A copy of the deed of trust is attached as Exhibit 7.

Quality commenced a foreclosure on the Scinta Property by recording a notice of default and election to sell ("Scinta NOD") on May 5, 2010 as document number 201005050003643. A copy of the Scinta NOD is attached hereto as Exhibit 8. The Scinta Property has not been sold in the foreclosure and Scinta is still in possession of the Scinta Property.

Scinta filed a chapter 7 bankruptcy petition on April 27, 2011, U.S. Bankruptcy Court, District of Nevada, Case #11-16387. The docket, attached as exhibit 9, shows that Scinta received a chapter 7 discharge on July 27, 2011 (Doc. #47). The docket further shows that this bankruptcy case is still open and being administered.

Hjorth is the former owner of real property in Clark County, Nevada known as 3559 Day Dawn St., Las Vegas, Nevada ("Hjorth Property"). The Hjorth Property was financed through the execution of a note and deed of trust promising to repay the sum of $289,800 in monthly installments to Taylor, Bean & Whitaker Mortgage Corp. The deed of trust was recorded on June 13, 2006 in the official records of Clark County as document number 20060613-0002706. A copy of the deed of trust is attached as Exhibit 10.

Quality commenced a foreclosure on the Hjorth Property by recording a notice of default and election to sell ("Hjorth NOD") on October 17, 2008 as document number 20081017-0004024. A copy of the Hjorth NOD is attached hereto as Exhibit 11.

All exhibits referenced herein are attached to this Motion. Quality respectfully requests judicial notice of the deeds of trust, as well as the other exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). All exhibits hereto should be judicially noticed because they are public records in the Clark County Recorder's office or the official records of the US Bankruptcy Court, District of Nevada.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Standard of Review Pursuant to Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P 12(b)(6) authorizes this Court to dismiss a Complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the

claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I C*., 1390 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to plaintiff. *Id*.  However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In short, a complaint need not contain detailed factual allegations, but it must allege facts sufficient to raise a right to relief that rises above a mere speculation and is plausible on its face. *Bell Atl. Corp, v. Twombly*, 127 S.Ct. 1955, 1965, 1969 (2007).

A court may dismiss a claim where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacfica Police Dept*., 901 F. 2d 696, 699 (9th Cir. 1990). Material properly submitted with the complaint may be considered as part of the complaint for Rule 12(b)(6) purposes. *Hal Roach Studios, Inc v. Richard Feiner* & Co., Inc., 896 F. 2d 1542, 1555 (9th Cir. 1989); accord *Durning v. First Boston Corp*., 815 F. 2d 1265, 1267 (9th Cir. 1987), cert, denied, 484 U.S. 944 (1987) ("If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint.").

**B. Benko, Martinez and Scinto have failed to state a claim upon which relief can be granted because all of their claims are barred by the doctrine of judicial estoppel.**

As shown above, Benko, Martinez and Scinta have received a chapter 7 discharge.  As can be seen from a review of the Complaint, the recording of the Beko NOD, the Martinez NOD and the Scinta NOD occurred prior to the bankruptcy filings.  Attached as Exhibits 12, 13 and 14 are the combined Schedule Bs and Statements of Financial Affairs from the three bankruptcy cases.  Nowhere in these documents, nor anywhere else within the cases, is there any mention of any of the claims or causes of action contained within the Complaint.

In order to establish insolvency for bankruptcy protection, a bankruptcy debtor must

schedule under penalty of perjury all of his/her assets, liabilities, claims, and disclose any litigation likely to arise in a non-bankruptcy context. *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). Even where all facts about a claim are not known to the debtor, scheduling of the existence of a potential claim is required. *Id. In Hamilton v. State Farm Fire & Casualty Company* 270 F.3d 778 (9th Cir. 2001), the Court stated as follows:

> Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.

*Id*. at 782. This doctrine has been used to preclude a plaintiff from asserting claims against third parties that arose before the plaintiff filed for bankruptcy and the claims are not disclosed on his schedule of assets or thereafter consistent with his duty to disclose throughout the pending bankruptcy. *Id*.

The application of judicial estoppel not only bars the assertion of inconsistent positions in the same litigation, but is also bars litigants from asserting incompatible statements in different cases. *Rissetto v. Plumbers and Steamfitters Local* 343, 94 F.3d 597, 600-601 (9th Cir. 1996); *and see, Conrad v. Bank of America Nat'l. Trust & Sav. Ass'n.* (1996) 45 Cal.App. 133, 146-47 (recognizing the well-settled rule that where a bankruptcy debtor fails to identify or list a claim i his bankruptcy, whether at its inception or leading up to plan confirmation, such claim is barred in any subsequent post-proceeding actions by judicial and equitable estoppel). Thus, judicial estoppel bars any subsequent state or federal action brought by Benko, Martinez and Scinta which should have been identified or brought in the bankruptcy cases.

Based on the foregoing, each and every one of these three Plaintiffs' claims are barred by the doctrine of judicial estoppel. As such, the Complaint warrants dismissal as to Benko, Martinez and Scinta..

**C. Scinta's claims are also barred because he has no standing**

No case can be maintained unless the plaintiff has standing to bring the claims asserted. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560 (1992). The requirement that a plaintiff have standing arises from Article III of the United States Constitution which limits the jurisdiction of federal courts to "cases" and "controversies." *Id.*

In this case, Scinta, as debtor under chapter 7 of the Bankruptcy Code, lacks standing to prosecute this proceeding. Upon the commencement of a bankruptcy case, a bankruptcy estate was created that is a new and distinct entity from the debtor. 11 U.S.C. § 541(a). The bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the case. *Id.* The scope of § 541 is broad and includes as property of the estate lawsuits or causes of action that accrued to the debtor prior to the petition date. *See, e.g., In re Wischan*, 77 F.3d 875 (5th Cir. 1996) (debtor's pre-petition causes of action were property of the estate); *In re Gavend,* 25 F.3d 1056 (10th Cir. 1994) (debtor's malpractice action was property of the estate); *Jones v. Harrell*, 858 F.2d 667 (11th Cir. 1988) (trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed); *In re Bronner,* 135 B.R. 645 (9th Cir. B.A.P. 1992). Thus, Plaintiff's claims against Aurora constitute property of the estate.

Only the chapter 7 trustee, not the debtor, is authorized to take action on behalf of the estate. 11 U.S.C. § 704(a). There are two exceptions to the general rule that a debtor lacks standing to bring a cause of action after appointment of a trustee: the debtor must show that the claim is exempt from the bankruptcy estate or has been abandoned by the trustee. *Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Hawaii 1996). Here, neither exception applies.

There is no dispute that Scinta's claims are not exempt. First, the Complaint does not allege that Scinta's or causes of action are exempt from the bankruptcy estate. Second, the Court may take judicial notice of Scinta's Schedule C. Attached within Exhibit 13 is a copy of Scinta's Schedule C.. Scinta's Schedule C, which lists the claimed exemptions, makes no mention or reference to any of the causes of action set forth in the Complaint. The law is clear that "[i]f the cause of action is not exempt, then is remains with the bankruptcy estate . . ." *Rowland,* 949 F. Supp.at 1453.

It is also clear that the claims alleged in the Complaint have not been abandoned by the chapter 7 trustee. Section 554(a) of the Bankruptcy Code requires notice and a hearing before a chapter trustee may abandon property of a bankruptcy estate. In this case, Scinta's bankruptcy case remains open and subject to administration. There has been no such notice or hearing nor has there been any indication of intention by the trustee to abandon the causes of action in the Complaint.

### D.  Deceptive trade practices

### 1.  The Complaint must be pled with particularity

The first cause of action in the Complaint is a claim under NRS 41.600 for consumer fraud which, in turn, is based exclusively upon Nevada's Deceptive Trade Practices Act, NRS Chapter 598. Claims brought under the Act must be pled with particularity, *See Thomas v, Wachovia Mortg. FSB,* No. 10-cv-18l9-ECR-GWF, 2011 U.S. Dist. LEXIS 81758, at *3 (D. Nev. July 25, 2011); *Tucker v. JP Morgan Chase Bank, N.A.,* No. l0-ov-959-JCM-LRL, 2011 U.S. Dist. LEXIS 7179, at *6 (D. Nev. Jan. 25, 2011); *Weinstein v. Home American Mortg. Corp.*, No. 10-cv-1552-PMP-LRL, 2010 U.S. Dist. LEXIS 139093, at *7-8 (D. Nev. Dec.29, 2010); *Patterson v. Grimm*, No. 10-cv-1292-JCM-RJJ, 2010 U,S. Dist. LEXIS 120901, at *10 (D. Nev. Nov. 1, 2010); *Simon,* 2010 U.S. Dist. LEXIS 63480 at *22-23 (D. Nev. June23, 2010); *Windisch v, Hometown Health Plan, Inc.,* No. 3:08-ov-00664-RCJ-RAM, 2010 U.S. Dist. LEXIS 20989, at *21(D. Nev. Mar. 5, 2010); *George v. Morton*, No. 06-cv-11l2-PMP-GWF, 2007 U.S' Dist. LEXIS l5932, at *35 (D. Nev. Mar. l, 2007.

To state a claim under the Act, a plaintiff must at a minimum, allege (1) an act of consumer fraud by the defendant. (2) which has caused (3) damage to the plaintiff. *See Picus v. Wal-Mart Stores, lnc.,* 256 F.R.D. 651, 658 (D. Nev. 2009); *see also Simon v. Bank of Am., N.A.*, 2010 U.S Dist. LEXIS 63480, *22-23 (D. Nev. June 23, 2010). The consumer fraud element further requires that a plaintiff allege reasonable reliance on the alleged misrepresentation. *See Sylver v.Executive Jet Management, Inc.*, No. 2:10-ov-01028-RLH-RJJ, 2011 U.S. Dist. LEXIS 255, at *8 (D. Nev. Jan.3, 2011) (citing *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657-58 (D. Nev. 2009)). Some species of false, misleading or deceptive

representation is an element of every enumerated "deceptive trade practice" in NRS 598.0915 and must also be pled.

In order to sufficiently plead with particularity pursuant to NRCP 9(b), a plaintiff is required to identify the parties to, and the time and place of, the misrepresentation, as well as the specific nature of the act. *See Brown v. Kellar*, 97 Nev. 582, 583-584,636P.'2d874,874 (1981).

Here, Plaintiffs have failed to plead the elements required. They have failed to identify a false or misleading representation, have failed to identify or plead reasonable reliance and have failed to identify any resulting and proximately caused damages.

**2. Nevada's Deceptive Trade Practices Act is inapplicable to alleged flaws in mortgage foreclosures**

2:11-ov-0084-KJD-PAL,2 011 U.S. Dist. LEXIS 113389, at *5 (D. Nev. Sept. 30, 2011). As recently as December 23, 2011, the United States District Courts in Nevada have held that the Act does not support a viable cause of action to redress alleged harm to consumers in conjunction with mortgage foreclosures and home loans. *See Archer v. Bank of America Corp.*, No. 2:11-cv-1264 JCM-RJJ, 2011 U.S. Dist. LEXIS 148159, at *6-7 (D. Nev. Dec. 23, 2011) (holding that the Act is inapplicable to claims based upon allegedly defective or wrongful mortgage foreclosures) (citing *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 U.S. Dist. LEXIS 74456, at *23 (D. Nev. July 11, 20II)); *Alexander v. Aurora Loan Services,* No. 2:09-cv-1790-KJD-LRL, 2010 U.S. Dist. LEXIS 68172, at *5 (D. Nev. July 8, 2010) (only NRS 598D, not NRS 598, applies to mortgage loans); *Parker v. Greenpoint Mortgage Funding*, No.3:11-ov-00039-ECR-RAM, 2011 U.S. Dist. LEXIS 78037, at *15-16 (D. Nev. July 75, 2011) (the Act does not apply to foreclosures); *see also Lee v. BAC Home Loans Servicing, L.P.*, No. 2:11-cv-1583 JCM-PAL, 2011 U.S. Dist, LEXIS 133697, at *6-7 (D. Nev. Nov. 18, 2011) (the Act does not apply to foreclosures); *Lalwani v. Wells Fargo Bank,*

*N.A.,* No. 2:11-ov-0084-KJD-PAL,2 011 U.S. Dist. LEXIS 113389, at *5 (D. Nev. Sept. 30, 2011).

Each of the foregoing decisions was based upon the reasoning that deceptive acts enumerated in NRS 598.0915 are limited to transactions involving the sale of goods or services. This reasoning is further supported by the history of the Act. Nevada has declined to include undefined "deceptive" activities as actionable conduct, in favor of specific statutory definitions of deceptive acts. *See, e.g.,* NRS 598.0915, 0923. Thus, an actionable claim must be based upon an enumerated deceptive act. In this case, the Plaintiffs cannot sustain a claim against the Quality under any enumerated act.

The Nevada Supreme Court's sole pronouncement on the Act's applicability in the area of real property transactions is that Chapter 598 applies to deceptive acts in connection with a sale of real estate in the nature of a bait and switch. *See Betsinger v. D.R. Horton, Inc.,* 126 Nev. Adv. Rep. 17, 232 P.3d 433, 436 n. 4 (2010) (involving allegations of deceptively inducing a consumer to deposit earnest money based upon a promise of a low interest rate and then switching to a higher interest rate), Critically, a mortgage foreclosure is not a sale. Accordingly, *Betsinger* is consistent with the decisions of Nevada's U.S. District Courts, which also require a "sale" as a component of a deceptive trade practice.

Here, Plaintiffs' claim is founded solely upon the allegation that the foreclosure trustees were not licensed.  Because the Act does not apply to purportedly defective foreclosures, Plaintiffs' claim should be dismissed with prejudice.

**3. Nonjudicial foreclosure does not constitute the collection of a debt**

The FDCPA, which is incorporated into NRS Chapter 649, defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). The FDCPA expressly excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F) (emphasis added). Activities undertaken in connection with a non-judicial foreclosure, however, do not constitute "debt collection" under the FDCPA. See *Diessner v. Mortgage Elec. Reg. Sys., Inc.,* 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009).

The U.S. District Court of Nevada has repeatedly ruled that nonjudicial foreclosure does not constitute debt collection. *See Contreras v. Master Financial* 2010 U.S. Dist. LEXIS 118017 (D. Nev. 2010); *Martinez v. Bank of America* 2010 U.S. Dist. LEXIS 113378 (D. Nev. 2010); *Kenneweg v. IndyMac Bank* 2011 U.S. Dist. LEXIS 661 (D. Nev. 2011); *Rinehold v. IndyMac Bank* 2011 U.S. Dist. LEXIS 896 (D. Nev. 2011); *Long v. National Default Servicing Corporation* 2010 U.S. Dist. LEXIS 92344 (D. Nev. Aug. 11, 2010); *Ernestberg v. Mortgage Investors Group,* 2009 U.S. Dist. LEXIS 4560 (D. Nev. Jan. 22, 2009); *Croce v. Trinity Mortg. Assur. Corp.,* 2009 U.S. Dist. LEXIS 89808 (D. Nev. Sept. 28, 2009); *Contreras v. Master Fin., Inc.*, 2010 U.S. Dist. LEXIS 118017 (D. Nev. Nov. 4, 2010); *Enriquez v. J.P. Morgan Chase Bank, N.A.,* 2009 U.S. Dist. LEXIS 4562 (D. Nev. Jan. 22, 2009); *Regas v. Freemont,* 2010 U.S. Dist. LEXIS 132925 (D. Nev. Dec. 14, 2010).

Further, this Court has already stated that recording a notice of default and election to sell is not an attempt to collect a debt because the borrowers consented to make such a recordation upon default is given to the trustee where state law requires such recordation as part of the non-judicial foreclosure. *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010).

**4. Plaintiffs have failed to exhaust their administrative remedies**

Requesting that the court declare that Quality and the other trustee defendants are collection agencies and thus subject to Nevada licensing requirements is procedurally inappropriate. NRS 649.390 provides explicitly that a verified complaint against an alleged collection agency must be filed with the Nevada Commissioner of Financial Institutions. Only following a determination by the Commissioner that the trustee defendants are acting as collection agencies without a necessary license can the court address allegations that defendants have engaged in a deceptive trade practice making plaintiffs victims of fraud under NRS 41.600. As a result, the failure to first pursue administrative remedies is fatal to Plaintiffs' case.

### E.  Plaintiffs have no claim for unjust enrichment where a contract exists

The second cause of action alleged in the Complaint is for unjust enrichment. However, Benko, Martinez, Scinta and Hjorth all have an express written agreement that governs the security interest in the secured properties, to-wit: the deed of trust (Ex. 1, 4, 7 and 10). Nevada law does not permit a claim for unjust enrichment where an express written contract which governs the transaction at issue. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."); *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977) ("[t]o permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles.").

The deed of trust nonetheless governs the relationship between Plaintiffs and the Defendant trustees. Plaintiffs do not dispute the existence of the deeds of trust or their function as the agreement governing the security interest and the remedies of the secured creditor on default, including nonjudicial foreclosure. The existence of this express written agreement precludes a claim for unjust enrichment on issues arising from the deed of trust. Thus,

Plaintiffs' claim of Unjust Enrichment fails. *Crockett & Myers v. Napier, Fitzgerald & Kirby*, 440 F. Supp. 2d 1184, 1197 (D. Nev. 2006).

**F. There is no claim for trespass because there has been no invasion of property rights**

The third and final cause of action alleged against Quality is trespass. Plaintiffs allege that the mere filing of the foreclosure constitutes a trespass. In Nevada, as elsewhere, a civil trespass consists of an unpermitted and unprivileged entry onto the land of another. *See Kim v. Wells Fargo Home Mtg.*, 2010 U.S. Dist. LEXIS 119839 (D. Nev. 2010); *Allied Props. V. Jacobsen,* 75 Nev. 369, 343 P.2d 1016 (1959).

Here, as alleged in the fact section of this Motion, the Benko Property and the Scinta Property have not yet been sold and Benko, Martinez, Scinta and Hjorth are all believed to currently still be in possession of their properties. There is no allegation at all in the Complaint that Quality has physically or constructively entered onto the properties in any manner whatsoever. Thus, the trespass claims fail as a matter of law.

**CONCLUSION**

Plaintiffs' First Amended Complaint utterly fails to allege any claims upon which relief could be afforded to Plaintiffs. As such Quality respectfully requests that:

1. That Plaintiffs' First Amended Complaint be dismissed with prejudice;
2. That any recorded lis pendens be rescinded;
3. That any claims for punitive damages be stricken;
4. For such other and further relief as the court deems just and appropriate in the circumstances.

Dated: 2/22/2012

                                                  McCarthy & Holthus, LLP

                                                  By:   */s/Christopher M. Hunter*
                                                             Christopher M. Hunter, Esq.

**CERTIFICATE OF MAILING**

I hereby certify that on the 22d day of February, 2012, a true and correct copy of the foregoing Motion to Dismiss was forwarded to all parties and counsel as identified on the Court generated Notice of Electronic Filing.

*Ellen McAbee*
An employee of McCarthy & Holthus, LLP