Nicholas A. Boylan, Esq.
Nevada Bar No. 5878
**LAW OFFICES OF NICHOLAS A. BOYLAN, APC**
450 A Street, Suite 400
San Diego, CA 92101
Phone: (619) 696-6344
Fax: (619) 696-0478

Shawn Christopher, Esq.
Nevada Bar No. 6252
**CHRISTOPHER LEGAL GROUP**
2625 N. Green Valley Pkwy, #110
Henderson, NV 89052
Phone: (702) 737-3125
Fax:  (702) 458-5412

Attorneys for Plaintiffs

## United States District Court

### District of Nevada

| | |
|---|---|
| JEFFREY BENKO, a Nevada resident; CAMILO MARTINEZ, a California resident; ANA MARTINEZ, a California resident; FRANK SCINTA, a Nevada resident; JACQUELINE SCINTA, a Nevada resident; SUSAN HJORTH, a Nevada resident; RAYMOND SANSOTA, a Ohio resident; FRANCINE SANSOTA, a Ohio resident; SANDRA KUHN, a Nevada resident; JESUS GOMEZ, a Nevada resident; SILVIA GOMEZ, a Nevada resident; DONNA HERRERA, a Nevada resident; ANTOINETTE GILL, a Nevada resident; JESSE HENNIGAN, a Nevada resident; KIM MOORE, a Nevada resident; THOMAS MOORE, a Nevada resident; SUSAN KALLEN, a Nevada resident; ROBERT MANDARICH, a Nevada resident, JAMES NICO, a Nevada resident and PATRICIA TAGLIAMONTE, a Nevada resident<br><br>          Plaintiffs,<br>v. | CASE NO:   2:12-cv-00224-RCJ –GWF<br><br>**PLANTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO <u>APPLETON'S</u> MOTION TO DISMISS**<br><br>Judge Robert C. Jones<br><br>Date:  June 21, 2012<br>Time:  1:30 p.m. |

QUALITY LOAN SERVICE CORPORATION, a California Corporation; APPLETON PROPERTIES, LLC, a Nevada Limited Liability Company; MTC FINANCIAL, INC. dba TRUSTEE CORPS, a California Corporation; MERIDIAN FORECLOSURE SERVICE, a California and Nevada Corporation dba MTDS, Inc., dba MERIDIAN TRUST DEED SERVICE; NATIONAL DEFAULT SERVICING CORPORATION, a Arizona Corporation; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation; and DOES 1 through 100, inclusive,

Defendants.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**RESPONSE TO JOINDER**

Appleton filed a purported Joinder to the Motions to Dismiss of Defendants MTC Financial, Inc., Quality Loan Service Corp., Meridian Foreclosure Service and California Reconveyance Company. Despite this Joinder, Appleton adds an additional argument, thereby turning its Joinder into a Motion to Dismiss. Plaintiff incorporates by reference all arguments stated in its opposition to defendants several motions to dismiss from which Appleton joined to the motion hereto.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of*

*Wildlife,* 504 U.S. 555, 561 (1992); *see also Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *In re Stac Elecs.,* 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); *see United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *Ritchie,* 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." *Lee,* 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint

if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

## V. A Quiet Title Claim is Appropriate to Raise the Issue of an Illegal Foreclosure.

As stated by the Supreme Court of the United States:

> "An allegation, in ordinary and concise terms, of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff." (Ely v. New Mexico & Arizona Railroad Co., 129 U.S. 291 (1889); see also, Mining Co. v. Kerr, 130 U.S. 256, 260 (1889); Gage v. Kaufman, 133 U.S. 471(1890).)

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. (N.R.S. § 40.010.) Following the principles elaborated by the United States Supreme Court, "[t]he supreme court of [Nevada] has repeatedly held that it is not necessary for a plaintiff to set out specifically the character of his own title, or of the alleged title of the defendants; that is always sufficient simply to allege that plaintiff is the owner and in possession of the property, describing it, and that the defendants are unlawfully asserting a claim thereto adverse to him." (Union Mill v. Mining Co. v. Warren, 82 F. 519, 520 (D.Nev 1897); see also Golden Fleece Gold & Silver Min. Co. v. Cable Consolidated Gold & Silver Min. Co., 12 Nev. 213, 320; Rose v. Mining Co., 17 Nev. 25 (1882).)

- 3 -

Accordingly, under Nevada law, it is well-settled that to bring a quiet title claim, a plaintiff need "merely allege that the defendant is unlawfully asserting an adverse claim to title of real property." In fact, Judge Jones himself has followed and applied the holding in Union Mill. (see e.g., Carruci v. Wells Fargo Home Mortg., No. 3:09-cv-00712-RCJ-VPC, 2010 WL 3283537 *2 (D.Nev. August 17, 2010).)

In Carruci v. Wells Fargo Home Mortg., plaintiffs alleged that defendants could not foreclose on their property because "defendants did not obtain all the rights necessary to obtain an interest in the subject property." (Carruci v. Wells Fargo Home Mortg., 2010 WL 3283537 *2.) In determining whether plaintiffs could survive defendants' motion to dismiss, the court's analysis was limited to the simple question of whether Plaintiffs "allege[d] that defendant is unlawfully asserting an adverse claim to title to real property." (Id.) In their complaint, plaintiffs alleged that defendants did not own or possess the promissory note or deed of trust on their home and therefore could not foreclose upon the subject property. "Taking these assertions as true", the court denied defendants' motion to dismiss plaintiffs' claim of quiet title. (Id.)

Moreover, contrary to defendant's argument, the fact that plaintiff is a mortgagor in default is irrelevant to his legal right to bring a claim for quiet title. (Corral v. Homeeq Servicing Corp., No. 2:10-cv-00465-GMN-RJ, 2010 WL 3927660 *4, (D.Nev. October 6, 2010). In Corral v. Homeeq Servicing Corp., the plaintiffs were mortgagors who admitted that they were in default. The court recognized that "[n]o action can lie for wrongful foreclosure unless a foreclosure occurs in the absence of a default." However, in contrast to a claim of wrongful disclosure, the Corral court unequivocally held that "a claim for quiet title can be asserted when the plaintiffs are in default." (Id.) Thus, the court found that the existence of plaintiffs default had no bearing on their quiet title action. Accordingly, the

court denied defendant's motion to dismiss plaintiffs' claim for quiet title because "Plaintiffs repeatedly allege[d] in their Complaint that Defendant's claim against their property is unlawful." The court went on to note that plaintiff's quiet title action was further supported by public records, of which the court took judicial notice, revealing what may have been a statutory defect in the foreclosure proceedings. (Corral v. Homeeq Servicing Corp., 2010 WL 3927660 *6.)

The plaintiffs here, like the plaintiffs in Corral, are not disputing the fact they defaulted on their mortgage. Under Corral, however, this issue of default has no bearing whatsoever on plaintiffs' quiet title claim against defendants. Instead, the only pertinent issue is the fact that defendant is unlawfully asserting an adverse claim to title to plaintiff's real property. Further, similar to Corral in which public records revealed a statutory defect in the foreclosure proceedings, here, the record also reveals a statutory defect in the foreclosure proceedings, specifically, that defendant was not authorized to act as a collection agent in the state of Nevada because it did not hold the requisite license. [See *In re: Quality Loan Service Corporation*, Finding of Fact, Conclusions of Law and Final Decision from Commissioner George E. Burns, attached herewith as Exhibit 1.] Thus, like the defendants in Carruci, the defendants here "did not obtain all the rights necessary to obtain an interest in the subject property" and therefore they are in fact unlawfully asserting an adverse claim to title to plaintiffs' real property.

Plaintiff GILL owned the home located at 5144 Teal Petals Street, North Las Vegas, Nevada, which bears APN 124-35-711-102. On January 5, 2011, defendant MERIDIAN recorded a Notice of Default on real property owned by GILL. A true and correct copy of this Notice of Default is attached herewith as Exhibit 2. Interestingly, MERIDIAN was not appointed the substitute Trustee of the relevant deed of trust until January 11, 2011, after

- 5 -

is recorded the Notice of Default. A true and correct copy of this Substitution of Trustee is attached herewith as Exhibit 3. MERIDIAN in this Notice of Default, demanded payment from GILL to get current on her obligation owed to a third party. MERIDIAN also recorded a Notice of Trustee's Sale on this property owned by HERRERA on June 23, 2011. A true and correct copy of this Notice of Trustee's Sale is attached herewith as Exhibit 4. This Notice of Trustee's Sale provides, among other things, that the real property will be sold to "pay the remaining principal sum of the note(s): and secured by said Deed of Trust" and additional charges. The Notice of Default and the Notice of Trustee's Sale from MERIDIAN state that "[MERIDIAN] IS ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." On or about July 14, 2011, MERIDIAN illegally foreclosed on GILL's home and sold it to APPLETON. A true and correct copy of the Trustee's Deed Upon Sale which was recorded on July 29, 2011 is attached herewith as Exhibit 5.

GILL has alleged the following in paragraphs 30 through 33 of the First Amended Complaint:

1. MERIDIAN did not either hold the requisite license to pursue debt collection activities or register as a foreign collection agent or agency with the Commissioner of the Nevada Financial Institutions Division.
2. MERIDIAN nevertheless pursued various debt collection activities against Plaintiffs including such items as debt-related notices, demands, collection communications and/or foreclosure sale and processes, against Plaintiffs. MERIDIAN thus caused Plaintiffs damages and/or received illicit revenue and/or profits.
3. The debt collection activities of MERIDIAN are and were illegal and improper because of MERIDIAN's failure to obtain the required licenses or

register as a foreign collection agent or agency with the Commissioner of the Nevada Financial Institutions Division.

4. MERIDIAN's conduct violated N.R.S. 649.075 and/or N.R.S. 649.171, and therefore constituted a deceptive trade practice under N.R.S. chapter 598.

5. The deceptive trade practices of MERIDIAN constitute consumer fraud as defined by N.R.S. 41.600.

GILL also has alleged the foreclosure by MERIDIAN was illegal due to the illegal and improper actions of MERIDIAN. [See First Amended Complaint at paragraph 50.] GILL also seeks to have the subject property revert back to her because of the improper foreclosure by MERIDIAN.

As previously set forth, MERIDIAN was acting as a Collection Agency as defined by NRS 649.020. Further, MERIDIAN foreclosed on GILL's home while it was not licensed as a Collection Agency and according to the Trustee's Deed Upon Sale collected $123,750.01 from the foreclosure sale that was applied to GILL's loan balance owed to a third-party.

NRS 107.080(5) allows a non-judicial foreclosure sale to declared void by any court of competent jurisdiction in the county where the sale took place if a trustee or other person authorized to make the foreclosure sale does not substantially comply with the provisions of 107.080 or any applicable provision of NRS 107.086 and 107.087. NRS 107.087 mandates that Notices of Default and Notices of Trustee's Sales have the contact information of the trustee or the person conducting the foreclosure **who is authorized** to provide information relating to the foreclosure status of the property. Accordingly, as set forth in NRS 107.087, inherent in a trustee/collection agency's obligation to record and serve a Notice of Default and a Notice of Trustee's Sale is having the legal authority to so act.

Being that MERIDIAN failed to hold or obtain a license as a Collection Agency from the Nevada Financial Institutions Division, it was operating in violation of Nevada law.

MERIDIAN was illegally operating as a Collection Agency and as such, it lacked the proper legal authority to perform the non-judicial foreclosure, which includes sending the Notice of Default and Notice of Trustee's Sale as well as completed the foreclosure sale, on GILL's home.   Being that MERIDIAN lacked the legal authority to perform these acts, the foreclosure sale did not substantially comply with NRS 107.080 and/or 107.087. Moreover, MERIDIAN also lacked the legal authority to sign and record the Notice of Default, as it was not appointed as substitute trustee until six (6) days after the Notice of Default was executed and recorded.

GILL has alleged that the foreclosure activities of MERIDIAN were illegal and improper and that the foreclosure was illegal due to such conduct.  This action was commenced in a timely manner and seeks to return title back to her.  APPLETON unfortunately purchased the subject property from MERIDIAN.

MERIDIAN, like the other non-judicial foreclosure company Defendants in this case, operates as a "Collection Agency" under NRS 649.020.

NRS 649.020 defines Collection Agency as:

> [A]ll persons engaging, directly or indirectly, and **as a primary or a secondary object**, business or pursuit, in the collection of or in soliciting or **obtaining in any manner** the payment of a claim owed or due or asserted to be owed or due to another.  (emphasis added)

Conversely, a Debt Collector under 15 USC §1692a(6) is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the **principal purpose** of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph . . . The term does not include --
> . . .
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person ... (emphasis added).

NRS 649.075 further provides that:

> 1. [A] person shall not conduct within this State a collection agency or engage within this State in the business of collecting claims for others, or of soliciting the right to collect or receive payment for another of any claim, or advertise, or solicit, either in print, by letter, in person or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another without having first applied for and obtained a license from the Commissioner.
>
> 2. A person is not required to obtain a license if the person holds a certificate of registration as a foreign collection agency issued by the Commissioner pursuant to NRS 649.171.

The State of Nevada, through the Depart of Business and Industry, Financial Institutions Division ("FID") agrees with this position. In an administrative hearing regarding Quality Loan Service Corporation, the Commissioner for the FID determined that conducting non-judicial foreclosure services, i.e. soliciting the right to receive payments owed to others and collecting, soliciting or obtaining in any manner payments of claims owed to others, are activities that require a license as a Collection Agency with the FID. [See *In re: Quality Loan Service Corporation*, Finding of Fact, Conclusions of Law and Final Decision from Commissioner George E. Burns, attached herewith as Exhibit 1.]

In its moving papers, APPLETON relies on the elements of a traditional quiet title claim in asserting that GILL is not entitled to such relief, for among other things not tendering the undisputed amount due on the note. However, this position completely ignores the statutory scheme set for in NRS 108.080 which allows a party who was illegally and improperly foreclosed on to seek to void the foreclosure sale and return title back to the prior owner. This is precisely what GILL seeks with this claim. Otherwise, there would be no reason for a foreclosing party to follow the legal procedures if they could just ignore all the legal requirements and just take a property by whatever means. The foreclosing party would just have to claim that since homeowner did not pay the undisputed amount they are not allowed to challenge the legality of the foreclosure. This is not the result of what NRS 107.080 and 107.087 provides, which is a mechanism to ensure that the foreclosure process is legally completed.

# VIII.
# CONCLUSION

The motion should be denied in its entirety.

Dated: May 8, 2012

Respectfully submitted,

LAW OFFICE OF NICHOLAS A. BOYLAN, A.P.C.

/s/Nicholas A. Boylan
Nicholas A. Boylan, Esq.
Nevada Bar No. 5878
450 A Street, Suite 400
San Diego, CA 92101
Attorney for Plaintiffs