1
2
3
4          UNITED STATES DISTRICT COURT
5               DISTRICT OF NEVADA
6                      * * *
7   JEFFREY BENKO, et al.,          | Case No. 2:12-cv-00224-MMD-GWF
8                    Plaintiffs,     | ORDER
9   v.                              | (Defendant MTC's Motion to Dismiss – dkt.
                                    | no. 10)
10  QUALITY LOAN SERVICE CORP. et al.,
11                   Defendants.     | Defendant Quality Loan's Motion to
                                    | Dismiss – dkt. no. 13)
12                                  | Defendant Meridian's Motion to Dismiss
13                                  | – dkt. no. 16)
14                                  | (Defendant California Reconveyance
                                    | Corporation's Motion to Dismiss
15                                  | – dkt. no. 17)
16                                  | (Defendant Appleton Properties' Joinder to
                                    | dkt. nos. 10, 13, 16, & 17, Partial Motion to
17                                  | Dismiss, and Motion to Expunge Lis
                                    | Pendens – dkt. no. 31)
18                                  | (Plaintiff's Motion to Remand – dkt. no. 34)
19                                  | (Plaintiff's Motion for Leave to File a
20                                  | Second Amended Complaint – dkt. no. 45)
21                                  | (Defendant Appleton's *Ex Parte* Motion for
                                    | Order Shortening Time – dkt. no. 89)
22

**I.    SUMMARY**

Before the Court are Defendants MTC Financial, Quality Loan, Meridian, and California Reconveyance Corporation's Motions to Dismiss.  (Dkt. nos. 10, 13, 16 and 17.)  Also before the Court is Defendant Appleton Properties' ("Appleton") Joinder to those Motions, Partial Motion to Dismiss, and Motion to Expunge Lis Pendens (dkt. no. 31), and *Ex Parte* Motion for an Order Shortening Time to hear its Motion (dkt. no. 89.)

1   Also before the Court are Plaintiffs' Motion to Remand (dkt. no. 34) and Motion for Leave

2   to File a Second Amended Complaint (dkt. no. 45).

3   **II.    BACKGROUND**

4          Plaintiffs, the proposed class members, are mortgage loan debtors who defaulted

5   on their loan obligations.  Defendant trustees filed foreclosures against Plaintiffs.  In their

6   First Amended Complaint ("FAC"), Plaintiffs assert that the act of filing a non-judicial

7   foreclosure constitutes debt collection activity under NRS § 649.  Plaintiffs argue that the

8   trustees must be licensed under that statute, but are not, and that the failure to be

9   licensed constitutes a deceptive trade practice under NRS § 598.023(1).  Plaintiffs also

10  allege unjust enrichment, trespass, quiet title, and Plaintiffs Kuhn and Gill allege elder

11  abuse against Defendant Meridian.

12         Defendant Meridian Foreclosure Service ("Meridian") removed the action on

13  February 13, 2012, under the Class Action Fairness Act ("CAFA").

14  **III.   MOTION TO REMAND**

15         **A.    Legal Standard**

16         If, prior to final judgment, the district court discovers its lack of subject matter

17  jurisdiction, it must remand the case.  28 U.S.C. § 1447(c).  A defendant seeking

18  removal of an action to federal court bears the burden of establishing grounds for federal

19  jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Removal statutes are

20  construed restrictively.  *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th

21  Cir. 1988).

22         **B.    CAFA and the Local Controversy Exception**

23         Plaintiffs seek to remand their Complaint under the "local controversy" exception

24  to CAFA.

25         "Congress passed the Class Action Fairness Act primarily to curb perceived

26  abuses of the class action device which, in the view of CAFA's proponents, had often

27  been used to litigate multi-state or even national class actions in state courts." *United*

28  *Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union,*

*AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010) (citation and quotation marks omitted). "To achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2). *Id.* at 1090-91 (citation and quotation marks omitted).  "CAFA also covers more than traditional class actions by providing for removal of mass actions."  *Id.* at 1091 (citation and quotation marks omitted).

 "CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2); footnote omitted).  Under CAFA, complete diversity is not required; minimal diversity is sufficient. *Id.* at 1021 (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)).

There are, however, statutory exceptions to CAFA's jurisdictional grant, one of which is known as the "local controversy" exception, 28 U.S.C. § 1332(d)(4) (A).  *See Serrano*, 478 F.3d at 1019. "The 'local controversy' exception provides that a district court *shall* decline to exercise jurisdiction over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy."  *Id.* at 1022 (italics in original; footnote omitted).

Under the local controversy exception, "a federal district court shall decline to exercise [removal] jurisdiction . . . over a class action in which—"

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed[.]

*Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011) (citing 28 U.S.C. § 1332(d)(4)(A)).  "A plaintiff seeking remand has the burden of showing that the local controversy exception applies."  *Id.* (citing *Serrano*, 478 F.3d at 1024).

"CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'"  *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (citing S. Rep. No. 109-14 at 42, U.S. Code Cong. & Admin. News 3, 40).  The Senate Report on CAFA states that the local controversy exception

is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole. Thus, the Committee wishes to stress that in assessing whether each of these criteria is satisfied by a particular case, a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others.

S. Rep. 109-14, at 39, U.S. Code Cong. & Admin. News at 38.

## C.   Analysis[1]

The Court determines that Plaintiffs fail to satisfy their burden of establishing an essential requirement of the local controversy exception —that at least one Nevada defendant is a "significant defendant."

Plaintiff alleges that Defendants Meridian and Appleton are Nevada citizens.[2] The Complaint also alleges that Defendant Appleton is a Nevada resident, but Plaintiffs

_____

[1]The Court considers whether sub-sections (aa) and (bb) to the "significant local defendant" test are satisfied by looking to the FAC alone, without considering extrinsic evidence.  *See Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d at 1016-17.  The Court may rely on extrinsic evidence in determining sub-section (cc).  *Id.*

[2]Plaintiffs allege that Meridian is a Nevada citizen, though acknowledge that it may also be a California citizen.  Plaintiffs provide an authenticated e-mail communication from defense counsel stating that he does not challenge Meridian's *(fn. cont…)*

4

1   do not discuss Defendant Appleton in their Motion to Remand.  Because Plaintiffs bear

2   the burden of demonstrating that Appleton is a significant citizen-defendant, *see*

3   *Serrano*, 478 F.3d at 1024, and fails to meet this burden by not discussing Appleton in

4   their Motion, the Court only considers whether Defendant Meridian is a significant local

5   defendant.[3]

6       CAFA "does not expressly define what constitutes significant relief."  *Haynes v.*

7   *EMC Mortg. Corp.*, No. C 10-00372 WHA, 2010 WL 1445650, at *4 (N.D. Cal. Apr. 12,

8   2010).  "Significant relief" and "significant basis" as used in CAFA "require a comparison

9   between the local defendant's significance and the significance of all the defendants."

10  *Id.* (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009) ("[I]f the

11  local defendant's alleged conduct is a significant part of the alleged conduct of all the

12  Defendants, then the significant basis provision is satisfied."); *Evans v. Walter Indus.,*

13  *Inc.*, 449 F.3d 1159 (11th Cir. 2006) (analyzing comparative significance of relief sought

14  against local defendant relative to relief sought from co-defendants)).  "Thus, rather than

15  look to whether the relief or conduct of the local defendant is significant in an absolute

16  sense, a court must undertake a 'substantive analysis comparing the local defendant's

17  alleged conduct to the alleged conduct of all the Defendants.'"  *Id.* (citing *Kaufman*, 561

18  F.3d at 156); *see also Robinson v. Cheetah Transp.*, No. 06-0005, 2006 WL 468820, at

19  *3-4 (W.D. La. Feb. 27, 2006); *Kearns v. Ford Motor Co.,* No. 05-5644, 2005 WL

20  3967998, at *8-10 (C.D. Cal. Nov. 21, 2005) (recognizing that the term "significant relief"

21  is ambiguous, and determining the legislative history dictated that "significant relief"

22  should be measured with respect to the relief sought by the entire class) (*impliedly*

23  *reversed on other grounds by Serrano*, 478 F.3d at 1021).

24  _____

25  *(…fn. cont.)*
    status as a Nevada citizen.  (Dkt. no. 44-3 at 2.)  *See Haynes v. EMC Mortg. Corp.,infra*,
26  No. C 10-00372 WHA, 2010 WL 1445650, at *4 (N.D. Cal. Apr. 12, 2010).

27      [3]Further, because only one Plaintiff, Gill, brings only one cause of action against
    Appleton, Plaintiffs would not be able to establish that Appleton is a "significant
28  defendant" under CAFA.  *See Evans*, 449 F.3d at 1159.

1        In *Haynes v. EMC Mortg. Corp.*, C 10-00372 WHA, 2010 WL 1445650, at \*4 (N.D.

2    Cal. Apr. 12, 2010), a case concerning California foreclosure proceedings, the court

3    determined that the case fell under CAFA's local controversy exception.  In that case,

4    the plaintiffs alleged that the foreclosing beneficiary failed to record the transfer of

5    property in violation of California statute.  The plaintiffs alleged that Defendant EMC had

6    a policy of foreclosing on properties without recording the assignment of title of the

7    property.  *Id.* at \*1.  Local Defendant Quality Loan was one of three named defendants,

8    and the complaint alleged four claims against Quality Loan.  *Id.* at \*4.  The central claim

9    against defendant Quality Loan was that it improperly foreclosed upon the plaintiffs'

10   residence, following directions from EMC.  *Id.*  The court determined that Quality Loan's

11   conduct was "deeply intertwined with that of defendant EMC," and therefore it was a

12   significant defendant. *Id.* (citing *Kaufman,* 561 F.3d at 157).

13       In contrast, the *Kearns* court declined to remand under the local controversy

14   exception.  2005 WL 3967998, \*8-10.  "The plaintiffs in Kearns brought a putative class

15   action lawsuit against Ford, a California Ford dealership, and doe defendants for

16   misrepresenting Ford certified pre-owned vehicles."  *Haynes*, 2010 WL 1445650, at \*5.

17   The *Kearns* court determined that the local Ford dealership was not a significant

18   defendant under Part II(aa), the significant relief element, because the local dealership

19   sold cars to only a fraction of the class.  2005 WL 3967998, at \*10.

20       Plaintiffs assert that they request significant relief from Meridian because they

21   seek general, special, and punitive damages from Meridian as well as disgorgement and

22   injunctive relief.[4]  Plaintiffs also point to Meridian's Statement Regarding Removal (dkt.

23   no. 18), where Meridian states that the amount in controversy is $5 million to

24   demonstrate that Meridian is a significant Defendant.

25

26       [4]Plaintiffs also address whether Meridian is a "significant defendant" by
     referencing their proposed SAC, but the Court does not consider these arguments

27   because jurisdictional facts are assessed at the time of removal.  *United Steel, Paper &
     Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC*

28   *v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010).

1       The $5 million figure listed in Meridian's Statement Regarding Removal clearly

2   concerned the *total* amount in controversy, which Meridian argued met the $5 million

3   CAFA amount-in-controversy minimum, *not* Plaintiffs' relief sought from Meridian

4   specifically.

5       Further, when compared to the other named Defendants, Meridian does not stand

6   out as a significant Defendant or one in which significant relief is sought. Quality

7   foreclosed upon four homes, Meridian foreclosed upon four homes, and MTC, National

8   Default, and CRC all foreclosed upon one home.   (Dkt. no. 1-2 at ¶¶ 1-11.)   All

9   Defendants except Appleton are parties to counts 1-3, Appleton alone is a party to count

10  4, and only Meridian is a party to the fifth cause of action for elder abuse, brought by a

11  purported sub-class.   Given that the nature of the FAC merely alleges that several

12  different Defendants foreclosed upon several different Plaintiffs' homes without licenses,

13  it would appear as if none of the Defendants are "significant," though Meridian's actions

14  and the relief sought against Meridian for the home foreclosures is not a significant

15  portion of the whole (for example, while eleven homes were foreclosed upon, Meridian

16  was involved in five foreclosures).

17      Further, the proposed class is "[a]ll Nevada residents [thousands, mostly in Clark

18  County] who were subject to debt collection activity by defendants while defendants did

19  not hold a Nevada license to engage in debt collection activities in Nevada."   (Dkt. no. 1-

20  2 at ¶¶ 21(a), 23.)   Nothing in the FAC demonstrates that Defendant Meridian played a

21  role in these thousands of foreclosures.   To the contrary, the Complaint makes clear that

22  several *different* Defendants were involved in the alleged debt collection practices on the

23  various Plaintiffs' homes.

24      Finally, "[w]hile assessing the quantity of claims based on the local defendant's

25  alleged conduct may be useful to the analysis, the significant basis provision does not

26  establish an absolute quantitative requirement."   *Kaufman*, 561 F.3d at 155-56.   "Nor is it

27  necessary to imply such a quantitative requirement to make sense of the provision, for a

28  party's conduct may form a significant basis of an entire set of claims even if some

1  claims within the set are not based on that conduct." *Id.*  To that end, the Court notes

2  that while Meridian is not a minimal Defendant like Appleton, *see supra, n.3*, this case is

3  unlike *Haynes.*  Meridian's conduct does not form a significant basis of an entire set of

4  claims.  Plaintiffs here do not allege a systematic policy or practice of Meridian's that

5  affected all, most, or many of the Plaintiffs.  Rather, the FAC demonstrates that Meridian

6  was but one player in an uncoordinated wave of foreclosures that hit Clark County.  The

7  only practice common to all Defendants is that they foreclosed upon homes without a

8  state license to do so.  And Meridian's foreclosure practices did not uniquely affect a

9  significant portion of the Plaintiffs.

10      Plaintiffs have not satisfied their burden of showing that the local controversy

11  exception under CAFA applies.   The Court accordingly denies Plaintiffs' Motion to

12  Remand.[5]

13  **IV.    MOTIONS TO DISMISS**[6]

14      **A.    Legal Standard**

15      On a 12(b)(6) motion, the court must determine "whether the complaint's factual

16  allegations, together with all reasonable inferences, state a plausible claim for relief."

17  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011)

18  (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility

19  when the plaintiff pleads factual content that allows the court to draw the reasonable

20  inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678

21  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

22

---

23  [5]While the proposed sub-class concerning the elder abuse cause of action
involves only Nevada citizens (Meridian, Gill, and Kuhn), the Court declines to remand

24  that cause of action.  Plaintiffs do not request remanding solely that cause of action.
Further, Plaintiffs have yet to demonstrate that this is a viable sub-class under Rule

25  23(a)'s "rigorous analysis."  *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314,
2011 WL 4479730, at *2 (E.D. Cal. Sept. 26, 2011).  The Court declines to *sua sponte*
remand this cause of action.

26

27  [6]Each of Defendants' Motions to Dismiss and Joinders to those Motions make
essentially the same arguments. Accordingly, unless the arguments apply to only certain
Plaintiffs or Defendants, the Court does not specifically differentiate between the parties'

28  arguments.

1    When determining the sufficiency of a claim, "[w]e accept factual allegations in the

2    complaint as true and construe the pleadings in the light most favorable to the non-

3    moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the

4    form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

5    (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law

6    and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation

7    and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

8    550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic

9    recitation of the elements of a cause of action will not do.'").

10    **B.    Consumer Fraud**

11    As mentioned, Plaintiffs allege that Defendants are liable for consumer fraud

12    because they were each acting as collection agencies as defined by NRS § 649.020 but

13    were not licensed to do so.  Plaintiffs assert that Defendants' conduct violated NRS §

14    649.075 and/or NRS § 649.171, and therefore constituted a deceptive trade practice

15    under NRS chapter 598, Nevada's Fair Debt Collection Practices Act ("FDCPA").

16    NRS § 649.075(1) holds that "[e]xcept as otherwise provided in this section, a

17    person shall not conduct within this State a collection agency or engage within this State

18    in the business of collecting claims for others, . . . without having first applied for and

19    obtained a license from the Commissioner."[7]

20    This claim must be dismissed as a matter of law because home foreclosure is not

21    a debt collection under the FDCPA.  "[F]oreclosing on a property pursuant to a deed of

22    trust is not the collection of a debt within the meaning of the FDCPA." *Duran v. Aurora*

23    *Loan Servs.*, No.  A09CV0138, 2009 WL 1110643, at *2 (E.D. Cal. Apr. 24, 2009) *report*

24    *and recommendation adopted by* No. 109CV0138, 2009 WL 1740567 (E.D. Cal. June

25    18, 2009)(citations omitted); *see also Camacho-Villa v. Great W. Home Loans*, No. 3:10-

26    _____

27    [7]Section (2) of the statute states that "[a] person is not required to obtain a license
      if the person holds a certificate of registration as a foreign collection agency issued by

28    the Commissioner pursuant to NRS 649.171."

9

1   CV-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011) ("Foreclosure pursuant to a

2   deed of trust does not constitute debt collection under the FDCPA."); *Hulse v. Ocwen*

3   *Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *Izenberg v. ETS Servs.,*

4   *LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Heinemann v. Jim Walter Homes,*

5   *Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998).

6       Defendants' Motions to Dismiss are accordingly granted.  The FDCPA/consumer

7   fraud causes of action are dismissed with prejudice.

8       **C.    Unjust Enrichment**

9       "An action based on a theory of unjust enrichment is not available when there is

10  an express, written contract, because no agreement can be implied when there is an

11  express agreement."   *Leasepartners Corp. v. Robert L. Brooks Trust Dated November*

12  *12, 1975*, 942 P.2d 182, 187 (Nev. 1997) (citing 66 Am. Jur. 2d Restitution § 6 (1973)).

13  "The doctrine of unjust enrichment or recovery in quasi-contract applies to situations

14  where there is no legal contract but where the person sought to be charged is in

15  possession of money or property which in good conscience and justice he should not

16  retain but should deliver to another [or should pay for]."  *Leasepartners*, 942 P.2d at 187.

17      Mortgages are express written documents.  *Goodwin v. Exec. Trustee Servs.,*

18  *LLC*, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010).  Accordingly, Plaintiffs' unjust

19  enrichment claim must be dismissed with prejudice.

20      **D.    Quiet Title–Plaintiff Gill and Defendant Appleton**

21      Only Plaintiff Antoinette Gill sues only Defendant Appleton on this cause of action.

22  NRS § 40.010 provides that "[a]n action may be brought by any person against another

23  who claims an estate or interest in real property, adverse to him, for the purpose of

24  determining such adverse claim."   A quiet title action in court is the method by which to

25  adjudicate disputed ownership of real property rights.  *Howell v. Ricci*, 197 P.3d 1044,

26  1046 (Nev. 2008).  The purpose of a quiet title action is to settle all conflicting claims to

27  the property and to declare each interest or estate to which the parties are entitled.

28  *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284 (1970).

A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims. Cal. Civ. Proc. Code § 761.020(a-e). "In addition to the required elements for a quiet title action, a borrower cannot quiet title to a property without discharging any debt owed." *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 WL 2490975, at *8 (E.D. Cal. 2010); *see also Distor v. U.S. Bank NA*, 2009 WL 3429700, at *6 (N.D. Cal. 2009) (a plaintiff has no basis to quiet title without first discharging the debt on the property).

In *Wensley v. First Nat. Bank of Nevada*, No. No. 3:11–cv–00809, 2012 WL 1971773, at *6, 874 F. Supp. 2d 957 (D. Nev. 2012), the plaintiff failed to allege that she had not defaulted on the loan, and the complaint read as a whole demonstrated that there was no dispute on this point.  The court noted that the plaintiff was "challenging the procedure with which foreclosure was initiated against her, not that the loan was not in default," and because she was in default, the court dismissed the cause of action without leave to amend.  *Id*.

Likewise, here, Gill admits the "fact" that she is a "mortgagor in default."  (Dkt. no. 64 at 4.)  Further, the FAC demonstrates that Gill, like the plaintiff in *Wensley*, is challenging the foreclosure procedure, and does not assert that she has cured her default.  This cause of action is therefore dismissed with prejudice.

**E.     Elder Abuse – Plaintiffs Kuhn and Gill and Defendant Meridian**

Only Plaintiffs Gill and Sandra Kuhn bring this cause of action against Defendant Meridian. Plaintiffs allege that Defendant's debt collection activities on Kuhn and Gill, who are over 60 years old, constitutes abuse against elderly persons under NRS § 41.1395 and § 200.5092. Plaintiffs also allege that this abuse was so willful and malicious as to merit punitive damages.

NRS § 41.1395(1) holds that "if an older person or a vulnerable person suffers a personal injury or death that is caused by abuse or neglect or suffers a loss of money or

11

1    property caused by exploitation, the person who caused the injury, death or loss is liable

2    to the older person or vulnerable person for two times the actual damages incurred by

3    the older person or vulnerable person."  The alleged abuse here would constitute loss of

4    property caused by exploitation.  The statute defines "exploitation" as:

5        (b) any act taken by a person who has the trust and confidence of an older
         person or a vulnerable person or any use of the power of attorney or
6        guardianship of an older person or a vulnerable person to:

7            (1) Obtain control, through deception, intimidation or undue
             influence, over the money, assets or property of the older
8            person or vulnerable person with the intention of permanently
             depriving the older person or vulnerable person of the
9            ownership, use, benefit or possession of that person's
             money, assets or property; or
10
             (2) Convert money, assets or property of the older person
11           with the intention of permanently depriving the older person
             or vulnerable person of the ownership, use, benefit or
12           possession of that person's money, assets or property.

13   NRS § 41.1395(4)(b)(1)-(2).

14       The Complaint fails to allege facts sufficient to support this cause of action.

15   Plaintiffs do not allege that Meridian has the "trust and confidence of an older person or

16   a vulnerable person." Nor could they, as Meridian—merely the entity foreclosing upon

17   Kuhn and Gill's homes — have had a relationship of trust with them.  Kuhn and Gill have

18   no viable cause of action under this statute.

19       NRS § 200.5092 is a definitional statute, and includes the definition of

20   "exploitation."  It does not create an independent cause of action.  Kuhn and Gill have no

21   viable cause of action under this statute.

22       Foreclosing upon the home of an elderly person, without more, is plainly not elder

23   abuse.  Kuhn and Gill cannot tack on an elder abuse cause of action to their FAC, which

24   wholly regards the foreclosures of their homes, merely because they are over 60 years

25   old.  With age certainly comes many benefits – in fact many legal benefits accrue with

26   age – but the right to frivolous causes of action is not one of them.  This cause of action

27   is dismissed with prejudice.

28   ///

**V.    DEFENDANT APPLETON'S MOTION TO EXPUNGE LIS PENDENS**

Appleton moves for the Court to expunge the lis pendens on Plaintiff Gill's Property.  NRS § 14.010 allows a notice of pendency or a lis pendens to be filed for an action in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court.  NRS § 14.010(2). This Order dismisses Gill's action.  Accordingly, the Motion to Expunge Lis Pendens is granted.

**VI.    MOTION FOR LEAVE TO AMEND**

**A.    Legal Standard**

Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a). However, when a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. *Id.*; *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires."  *Keniston*, 717 F.2d at 1300. "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors. *See Eminence Capital*, 316 F.3d at 1052; *Keniston*, 717 F.2d at 1300. The burden of demonstrating prejudice rests on the party opposing amendment.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    Analysis

Plaintiffs attempt to amend their Complaint to add several Nevada citizens to the class so as to ensure that two-thirds of the Plaintiffs are Nevada citizens under the "local controversy" exception to CAFA.  *See* 28 U.S.C. § 1332(d)(4)(A).  Moreover, the SAC alters the FAC in that (1) Plaintiffs no longer allege trespass; and (2) Plaintiffs add additional parties and allegations regarding several causes of action.

These amendments do not alter the Complaint's core allegations, and do not render moot Defendants' prior arguments in their Motions to Dismiss. In fact, Defendants primarily oppose amendment because they argue that amendment would be futile, and base their futility arguments largely on the same arguments proffered in their Motions to Dismiss.

The Court grants the Motion as it regards Plaintiffs' voluntary decision to no longer bring the trespass claim.  However, the Motion is denied in all other regards.  The allegations as pled in the SAC are essentially the same as those in the FAC. The cosmetic alterations and additional parties do not change the fact that Plaintiffs have no legal basis for their Complaint.  The Motion for Leave to File the SAC is therefore futile and must be denied.  *See Amerisource*, 465 F.3d at 951.

### VII.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above.  The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of these Motions.

IT IS ORDERED that Plaintiffs' Motion to Remand (dkt. no. 34) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss (dkt. nos. 10, 13, 16, 17, and 31) are GRANTED.   Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant Appleton's Motion to Expunge Lis Pendens (dkt. no. 31) is GRANTED.

14

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint (dkt. no. 45) is GRANTED IN PART and DENIED IN PART as follows:

- The Court GRANTS the Motion as it regards Plaintiffs' voluntary decision to no longer bring the trespass claim;
- The Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant Appleton's *Ex Parte* Motion for Order Shortening Time (dkt. no. 89) to hear its Motion is DENIED AS MOOT.

The Clerk of the Court is ordered to close the case.


DATED THIS 28th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE